

**Jakob B. Halpern**
**(973) 622-8394**
jhalpern@saiber.com

November 3, 2021

**BY ECF**

Honorable Edward S. Kiel, U.S.M.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse Bldg.
2 Federal Square
Newark, New Jersey 07102

      Re:    *In re Sugammadex*,
              Civil Action No. 20-2576 (CCC) (ESK) (CONSOLIDATED)

Dear Judge Kiel:

      We, along with our co-counsel at Perkins Coie LLP, represent Defendants Mylan Pharmaceuticals Inc. ("MPI"), Mylan Inc., and Mylan API US LLC (collectively, "Mylan Defendants") in this matter.

      As the Court is aware, today is the deadline for the submission to Your Honor of any remaining discovery disputes between the parties. Unfortunately, we are compelled to seek Your Honor's guidance with respect to a potential discovery dispute that did not become apparent until just yesterday. Regrettably, the parties have not been able to fully meet and confer in an attempt to resolve this potential discovery dispute, but because of today's deadline, and in an abundance of caution, we seek Your Honor's guidance.[1]

      The subject issue arises from the Mylan Defendants' need to depose Dr. Ronald Palin, a named inventor of the patent in suit, U.S. Patent No. RE44,733 ("the '733 patent"). As we explain, yesterday – *the day before the deadline to raise any discovery disputes* – Plaintiffs' counsel first informed Defendants that "Dr. Palin does not consent to a deposition and has not authorized us to accept service of a deposition subpoena." Plaintiffs' counsel's stated rationale for refusing service of the deposition notice was that they are only authorized to act on Dr. Palin's behalf "regarding any deposition inquiries. But Plaintiffs' position is wholly contrary to the history of their discovery responses and communications between the parties:

---

[1] The Mylan Defendants sought to have this late-arising issue included in the joint dispute letter that is being filed this evening, but Plaintiffs objected to including this issue in that letter. The parties did include initial positions in that joint letter, but to preserve the Mylan Defendants' position, alert Your Honor to this additional issue, and seek guidance regarding its ultimate and most effective resolution, we felt compelled to submit this letter.

Saiber LLC • One Gateway Center, 10th Floor, Suite 1000 • Newark, New Jersey • 07102-5311 • Tel 973.622.3333 • Fax 973.286.2465 • www.saiber.com

Florham Park • Newark • New York • Philadelphia

Honorable Edward S. Kiel, U.S.M.J.
November 3, 2021
Page 2

By way of background and as the Court is aware, an inventor's testimony is relevant to issues in patent litigations. *See Neupak, Inc. v. Ideal Mfg & Sales Group*, 41 F. App'x 435, 440 (Fed. Cir. 2002) ("The inventors' testimony was relevant to whether the inventions would have been obvious to a person of ordinary skill in the art…."). Accordingly, in each of Plaintiffs' three Rule 26(a)(1) discovery disclosures, beginning in July 2020 and continuing through October 22, 2021, they identified Dr. Palin (and the other two named inventors of the '733 patent) as having discoverable, relevant information.[2] Specifically, in each disclosure, Plaintiffs: 1) listed Dr. Palin as having relevant information regarding the research and development of the claimed invention; 2) listed Dr. Palin's address as "*c/o Jones Day*, 250 Vesey Street, New York, NY 10281," which is Plaintiffs' counsel's address; 3) listed Dr. Palin's phone number as "(212) 326-3939," which is Plaintiffs' counsel's (*i.e.*, Jones Day's) phone number; and 4) stated that "[a]ll of the listed individuals [including Dr. Palin] are current or former employees of Merck and *should be contacted only through Merck's attorneys of record in the action.*"

Relying on this information, Mylan (with other defendants) sent Plaintiffs' counsel a Rule 30(b)(1) Notice of Deposition for Dr. Palin on October 22, 2021 – the same day that Merck's counsel listed itself, for the third time, as Dr. Palin's mailing address and contact phone number. On October 27, Plaintiffs' counsel responded with a list of several deponents – *but not Dr. Palin* – for whom they were authorized to accept service of a deposition notice. Plaintiffs' counsel did not explain Dr. Palin's omission, despite his contact information (*i.e.*, Plaintiffs' counsel's mailing address and phone number) being identical to the contact information of every individual for whom Plaintiffs' counsel accepted a notice. Defendants promptly inquired, on October 29, as to why Dr. Palin was not listed despite Plaintiffs' repeated representation that Dr. Palin's contact address was "c/o Jones Day," but it was only on November 2, 2021*, the day before the deadline to raise any discovery disputes,* that Plaintiffs' counsel finally responded that "Dr. Palin does not consent to a deposition and has not authorized us to accept service of a deposition subpoena." Plaintiffs' counsel's stated rationale for refusing service of the deposition notice was that they are only authorized to act on Dr. Palin's behalf "regarding any deposition inquiries."

*Plaintiffs have not explained* why Dr. Palin is unavailable for deposition. *Plaintiffs have not explained* why their counsel suddenly cannot receive documents on his behalf, despite listing themselves as his contact address. *Plaintiffs have not explained* their view of the scope of "deposition inquiries," which they obviously view as limiting their counsel's ability to receive documents on behalf of Dr. Palin. Instead, until yesterday, it was not apparent that neither Plaintiffs nor Plaintiffs' counsel would accept a deposition notice on behalf of a named inventor on the ground that a deposition notice is not a "deposition inquiry."

The Mylan Defendants are prepared to immediately meet and confer with Plaintiffs in an effort to resolve these issues in the hope of avoiding the need for Your Honor's intervention. Accordingly, we seek Your Honor's indulgence and respectfully request that the Court allow the

---

[2] The inventors were identified in Plaintiffs Merck Sharp & Dohme B.V. and Organon USA Inc.'s Rule 26(a)(1) Initial Disclosures, served July 15, 2020; Merck's First Amended Rule 26(a)(1) Initial Disclosures, served July 28, 2021; and Merck's Second Amended Rule 26(a)(1) Initial Disclosures, served October 22, 2021.

Honorable Edward S. Kiel, U.S.M.J.
November 3, 2021
Page 3

parties one week to complete the dispute resolution process regarding the issues relating to Plaintiffs' refusal to accept Dr. Palin's deposition notice or produce communications and/or agreements with Dr. Palin regarding the '733 patent and this litigation and, if the parties are unable to reach an accord, to submit a joint dispute letter limited to these issues for the Court's consideration and resolution.

      We very much appreciate Your Honor's understanding of and assistance in this situation, which arose belatedly from the communication we received yesterday.

                                                       Respectfully submitted,

                                                       /s Jakob B. Halpern

                                                       Jakob B. Halpern

/jbh

cc:      Counsel of record (by ECF & email)